IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(Johnstown)

| | |
|---|---|
| JOHN PAUL SHIMMEL, an incapacitated person, by his parent and duly appointed permanent plenary guardian of the person Estate, BEATRICE SHIMMEL,<br>  Plaintiffs,<br><br>vs.<br><br>NAVISTAR INTERNATIONAL CORPORATION (formerly INTERNATIONAL HARVESTER), a foreign corporation; RUSH TRUCK LEASING, INC., a foreign corporation; EXPRESS LIGHT TRUCKING, INC., a foreign corporation; and WEI JIANG, a non-resident individual,<br>  Defendants. | Case No. 3:18-cv-00123-KRG<br><br>The Honorable Kim R. Gibson<br><br>Jury Trial Demanded |

**Answer, Affirmative Defenses and Cross-Claim**

AND NOW, come the Defendants, Express Light Trucking, Inc. and Wei Jiang, by their attorneys DiBella Geer DiBella McAllister Best, and present the following Answer, Affirmative Defenses and Cross-Claim to the Plaintiffs' Complaint as follows:

**Answer**

In answer to the Plaintiffs' Complaint, Defendants Express Light Trucking Inc. and Wei Jiang aver that they have a full and complete defense to the matters as set forth in the Plaintiffs' Complaint as follows:

1. After a reasonable investigation, Defendants Express Light Trucking, Inc. (hereinafter "Express Light") and Wei Jiang (hereinafter "Jiang") are without knowledge

or information sufficient to form a belief as to the truth or falsity of the averments of paragraph 1 of the Plaintiffs' Complaint. Therefore they are denied.

2. After a reasonable investigation, Defendants Express Light and Jiang are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of paragraph 2 of the Plaintiffs' Complaint. Therefore they are denied.

3. After a reasonable investigation, Defendants Express Light and Jiang are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of paragraph 3 of the Plaintiffs' Complaint. Therefore they are denied.

4. The allegations of paragraph 4 of the Plaintiffs' Complaint are admitted.

5. The allegations of paragraph 5 of the Plaintiffs' Complaint are admitted.

## **Statement of Jurisdiction**

6. The allegations of paragraph 6 constitute conclusions of law to which no response is required of Express Light and Jiang.

7. The allegations of paragraph 7 constitute conclusions of law to which no response is required of Express Light and Jiang.

8. The allegations of paragraph 8 constitute conclusions of law to which no response is required of Express Light and Jiang.

## **Statement of Facts**

9. After a reasonable investigation, Defendants Express Light and Jiang are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of paragraph 9 of the Plaintiffs' Complaint. Therefore they are denied.

10. The allegations of paragraph 10 of the Plaintiffs' Complaint are denied.

11. Express Light and Jiang are without knowledge or information sufficient to form a belief as to the truth or falsity of the Plaintiffs' allegations regarding the damages and losses sustained in the alleged accident. Therefore, they are denied and strict proof thereof is demanded at the time of trial to the extent they are relevant and material. To the extent that any further answer is deemed to be required, the allegations are denied.

12. Express Light and Jiang are without knowledge or information sufficient to form a belief as to the truth or falsity of the Plaintiffs' allegations regarding the damages and losses sustained in the alleged accident. Therefore, they are denied and strict proof thereof is demanded at the time of trial to the extent they are relevant and material. To the extent that any further answer is deemed to be required, the allegations are denied.

## Count One
## Strict Liability

13. The allegations of paragraphs 1 through 12, inclusive, of this Answer are incorporated herein by reference as though set forth at length.

14–16. The allegations of paragraphs 14–16 pertain solely to Defendants Navistar and Rush and therefore no response is required of Express Light and Jiang. To the extent that any further answer is deemed to be required, said allegations are denied.

WHEREFORE, Defendants Express Light Trucking Inc. and Wei Jiang demand judgment in their favor and against the Plaintiffs to include costs.

## Count Two
## Product Negligence

17. The allegations of paragraphs 1 through 16, inclusive, of this Answer are incorporated herein by reference as though set forth at length.

18. The allegations of paragraph 18 pertain solely to Defendants Navistar and Rush and therefore no response is required of Express Light and Jiang. To the extent that any further answer is deemed to be required, said allegations are denied.

WHEREFORE, Defendants Express Light Trucking Inc. and Wei Jiang demand judgment in their favor and against the Plaintiffs to include costs.

## Count Three
## Negligence - Defendants Express Light and Jiang

19. The allegations of paragraphs 1 through 18, inclusive, of this Answer are incorporated herein by reference as though set forth at length.

20. The allegations of paragraph 20 are admitted.

21. The allegations of paragraph 21 are denied.

WHEREFORE, Defendants Express Light Trucking Inc. and Wei Jiang demand judgment in their favor and against the Plaintiffs to include costs.

## Affirmative Defenses

## First Affirmative Defense

22. The allegations of the Plaintiffs' Complaint fail to state a claim upon which relief can be granted against Express Light and Jiang.

## Second Affirmative Defense

23. All rights of the Plaintiffs or others to recover against Express Light and Jiang for the matters complained of are barred by the applicable statutes of limitation and other similar statutes and fundamental provisions including waiver, estoppel and laches.

### Third Affirmative Defense

24. Any and all claims of the Plaintiffs are barred by doctrines of contributory or comparative negligence on the part of the Plaintiff, John Shimmel.

### Fourth Affirmative Defense

25. The Plaintiffs' Complaint fails to state a cause of action pursuant to the Pennsylvania Motor Vehicle Financial Responsibility law and Express Light and Jiang claim the benefit of all defenses available under the Pennsylvania Motor Vehicle Financial Responsibility law.

### Fifth Affirmative Defense

26. Express Light and Jiang confronted a sudden emergency and are therefore not liable for any damage sustained by the Plaintiffs.

### Sixth Affirmative Defense

27. To the extent that the Plaintiffs have suffered any loss and/or damage, the said loss, injury or damage was caused solely by supervening and/or intervening causes for which Express Light and Jiang cannot be held liable or responsible.

### Cross-Claim

Defendants Express Light Inc. and Wei Jiang hereby asserts a claim in the nature of a Cross–Claim under Federal Rule of Civil Procedure 13(g) as follows:

Express Light and Jiang deny all liability to the Plaintiffs and aver that the harm, if any, suffered by the Plaintiffs was caused solely by the acts, omissions and other

breaches of legal duties owed to the Plaintiffs by persons and entities other than Express Light and Jiang, including but not necessarily limited to Navistar International Corporation, Rush Truck Leasing, Inc. and Rush Enterprises Inc. and their duly authorized officers, servants, agents and employees. However, in the event that any party establishes any liability of Express Light and Jiang, then Express Light and Jiang hereby assert a claim in the nature of a Cross–Claim for sole liability and/or for contribution and indemnity against Navistar International Corporation, Rush Truck Leasing, Inc. and Rush Enterprises Inc. for sole liability and/or for contribution and/or indemnity. In support thereof, Express Light and Jiang incorporate herein and make a part hereof by reference as though set forth at length the prior averments of their Answer and Affirmative Defenses. In addition, Express Light and Jiang hereby adopt for that purpose only the relevant portions of the Plaintiffs' Complaint not directed against Express Light and Jiang. In that regard, Express Light and Jiang aver that Navistar International Corporation, Rush Truck Leasing Inc. and Rush Enterprises Inc. and their duly authorized officers, servants, agents and employees are solely liable to the Plaintiffs or that Navistar International Corporation, Rush Truck Leasing Inc. and Rush Enterprises Inc. and their duly authorized officers, servants, agents and employees are liable to Express Light and Jiang for contribution and indemnity.

  WHEREFORE, Defendants Express Light Trucking Inc. and Wei Jiang demand judgment in their favor and against the Plaintiffs and Navistar International Corporation, Rush Truck Leasing Inc. and Rush Enterprises Inc. to include costs and interest.

Respectfully submitted,

DiBELLA GEER McALLISTER BEST

BY: /s/ Kathleen S. McAllister
Attorney for Defendants
Express Light Trucking, Inc. and Wei Jiang
20 Stanwix Street – 11th Floor
Pittsburgh, PA 15222
Phone: 412-261-2900
Fax: 412-261-3222
Email: KMcAllister@dgmblaw.com
Pa. I.D. No. 30764
Firm I.D. No. 099

**Jury Trial Demanded**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Answer, Affirmative Defendants and Cross-Claim has been e-filed this 9th day of August, 2018.

(Attorney for Plaintiffs)
Gerald J. Hutton, Esquire
Edgar Snyder
US Steel Tower – 10th Floor
Pittsburgh, PA 15219

Larry E. Coben, Esquire
Anapol Weiss
8700 E. Vista Bonita Drive
Suite 268
Scottsdale, AZ 85255

(Attorney for Rush Truck Leasing, Inc. and Rush Truck Enterprises, Inc.)
P. Brennan Hart, Esquire
James J. Buldas, Esquire
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
One Oxford Centre – 38th Floor
Pittsburgh, PA 15219

Navistar International Corporation
2701 Navistar Drive
Lisle, IL 60532

DiBELLA GEER McALLISTER BEST

BY:   /s/ Kathleen S. McAllister
        KATHLEEN S. McALLISTER, ESQUIRE
        Attorney for Defendants
        Express Light Trucking, Inc. and Wei Jiang