IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN PAUL SHIMMEL, an incapacitated Person, by his parent and duly appointed Permanent plenary guardian of the person and Estate, BEATRICE SHIMMEL | : : : : : : | CIVIL ACTION |
| Plaintiffs | : : | |
| v. | : : | NO. 3:18-cv-00123-KRG |
| NAVISTAR INTERNATIONAL CORPORATION (formerly INTERNATIONAL HARVESTER), a foreign corporation; RUSH TRUCK LEASING, INC., a foreign corporation; RUSH ENTERPRISES, INC., a foreign corporation; EXPRESS LIGHT TRUCKING, INC., a foreign corporation; and WEI JIANG, a non-resident individual, | : : : : : : : : : : : | |
| Defendants | : | **JURY TRIAL DEMANDED** |

**ANSWER OF DEFENDANT,
NAVISTAR INC., TO COMPLAINT WITH DEFENSES**

Defendant, Navistar, Inc., improperly sued herein as "Navistar International Corporation (formerly International Harvester)", (hereinafter "Navistar"), by and through its attorneys, Goldberg Segalla, responds to the Complaint as follows:

**PARTIES**

1.   Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph; therefore, Navistar denies these averments and demands proof thereof.

2. Navistar denies Navistar International Corporation (hereinafter "NIC") ever engaged in the business of designing, manufacturing, assembling, distributing, supplying, or selling trucks and that it did any of the foregoing concerning the vehicle described in the Complaint. To the contrary, NIC is a holding company of which Navistar, Inc., is a wholly-owned subsidiary. Navistar admits that in the past it engaged and that it currently engages in the business of designing in part, manufacturing in part, assembling, distributing, supplying, and selling trucks such as that described in the Complaint and that it designed in part, manufactured in part, assembled, distributed, supplied a truck bearing Vehicle Identification Number 1HTMMMMN5GH433041. Navistar admits that it has, in the past, transacted business in the Commonwealth of Pennsylvania.

3. Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph; therefore, Navistar denies these averments and demands proof thereof.

4. Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph; therefore, Navistar denies these averments and demands proof thereof.

5. Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph; therefore, Navistar denies these averments and demands proof thereof.

**STATEMENT OF JURISDICTION**

6. The averments set forth in this paragraph constitute conclusions of law to which no response is required. Navistar refers all questions of law to the Court.

7. The averments set forth in this paragraph constitute conclusions of law to which no response is required. Navistar refers all questions of law to the Court.

8. The averments set forth in this paragraph constitute conclusions of law to which no response is required. Navistar refers all questions of law to the Court.

## STATEMENT OF FACTS

9. Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph; therefore, Navistar denies these averments and demands proof thereof.

10. Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph; therefore, Navistar denies these averments and demands proof thereof.

11. Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph; therefore, Navistar denies these averments and demands proof thereof.

12. Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph; therefore, Navistar denies these averments and demands proof thereof.

## COUNT ONE
## STRICT LIABILITY

13. Navistar incorporates by reference as though fully set forth herein its responses to paragraphs (1) through (12), inclusive, of the Complaint.

14. Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph that the truck reached its purchaser and/or ultimate user

without substantial changes in its condition; therefore, Navistar denies these averments and demands proof thereof.

15. If a truck designed in part, manufactured in part, assembled, distributed or otherwise supplied by Navistar was involved in the incident described in the Complaint as alleged, Navistar denies that the vehicle was defective at the time it lefts its possession and control (including, without limitation, for the reasons set forth in sub-paragraphs (a) through (g), inclusive of this paragraph) and that it in any way caused or contributed to cause the claimed injuries and damages of plaintiffs. Further, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph; therefore, Navistar denies these averments and demands proof thereof.

16. Navistar denies that it is in any way liable to the plaintiff, strictly or otherwise.

**WHEREFORE**, defendant, Navistar, Inc., demands Count One of the Complaint be dismissed with prejudice and that judgment thereon be entered in its favor and against plaintiffs, together with an award of costs of suit and such other relief as this Honorable Court may deem appropriate.

## COUNT TWO
## PRODUCT NEGLIGENCE

17. Navistar incorporates by reference as though fully set forth herein its responses to paragraphs (1) through (16), inclusive, of the Complaint.

18. Navistar denies that it was in any way negligent, including, without limitation, for the reasons averred by plaintiff in sub-paragraphs (a) through (k), inclusive, of this paragraph and that it is in any way liable to the plaintiffs.

**WHEREFORE**, defendant, Navistar, Inc., demands Count Two of the Complaint be dismissed with prejudice and that judgment thereon be entered in its favor and against plaintiffs,

together with an award of costs of suit and such other relief as this Honorable Court may deem appropriate.

## COUNT THREE
## NEGLIGENCE DEFENDANTS EXPRESS AND JIANG

19. Navistar incorporates by reference as though fully set forth herein its responses to paragraphs (1) through (18), inclusive, of the Complaint.

20. Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph; therefore, Navistar denies these averments and demands proof thereof.

21. Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph; therefore, Navistar denies these averments and demands proof thereof.

**WHEREFORE**, defendant, Navistar, Inc., demands Count Three of the Complaint be dismissed with prejudice and that judgment thereon be entered in its favor and against plaintiffs, together with an award of costs of suit and such other relief as this Honorable Court may deem appropriate.

## FIRST DEFENSE

The Complaint fails to state a cause of action against Navistar upon which relief can be granted.

## SECOND DEFENSE

The claims of plaintiffs may be barred in whole or in part by the provisions of the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. §7102.

**THIRD DEFENSE**

The claims of plaintiffs may be barred in whole or in part by the applicable statute(s) of limitations.

**FOURTH DEFENSE**

The claims of plaintiffs may be barred by the doctrine of assumption of the risk.

**FIFTH DEFENSE**

The claimed damages of plaintiffs may have been caused or contributed to by the acts and/or omissions of third-parties over whom Navistar exercised no control.

**SIXTH DEFENSE**

Navistar did not commit any act or omission that was a proximate cause of plaintiffs' claimed damages.

**SEVENTH DEFENSE**

If a truck designed in part, manufactured in part, assembled, distributed or otherwise supplied by Navistar was involved in the incident described in the Complaint as alleged, the product may have been substantially altered after it left Navistar's possession and control.

**EIGHTH DEFENSE**

The vehicle described in the Complaint may have been misused either before or at the time of the incident giving rise to this lawsuit.

**NINTH DEFENSE**

The acts of other individuals or entities over whom Navistar exercised no control may constitute an intervening, superseding cause of the incident described in the Complaint so as to relieve Navistar of any liability for those injuries or any such claimed damages.

## TENTH DEFENSE

Plaintiffs may have failed to mitigate their damages with respect to the losses alleged.

## ELEVENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of waiver, laches, release, estoppel, res judicata, mistake and/or unclean hands.

## TWELFTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of spoliation.

## THIRTEENTH DEFENSE

If a truck designed in part, manufactured in part, assembled, distributed or otherwise supplied by Navistar was involved in the incident described in the Complaint as alleged, the claimed damages of plaintiff were not caused by the condition of the product at the time it left the possession and control of Navistar.

## FOURTEENTH DEFENSE

The product in question was neither defective nor unreasonably dangerous pursuant to Section 402A of the Restatement (Second) of Torts and, accordingly, the Complaint fails to state a claim against Navistar upon which relief can be granted.

## FIFTEENTH DEFENSE

The subject product was designed, manufactured and/or distributed in conformity with the applicable state of the art, industry standards and/or consumer expectations.

## SIXTEENTH DEFENSE

The utility of the subject product outweighs the alleged risk and the product was not in a defective condition unreasonably dangerous to the user.

## SEVENTEENTH DEFENSE

Navistar did not breach any duty owed to plaintiffs.

## EIGHTEENTH DEFENSE

The proximate cause of the alleged damages described in the Complaint may have been the use of the product for a purpose, in a manner, or in an activity other than that which was intended, including, without limitation, a use contrary to an express or adequate warning appearing on, attached to, or delivered with the product.

## NINETEENTH DEFENSE

Navistar asserts all defenses available under the Pennsylvania Supreme Court opinion in *Tincher v. Omega Flex*, 104 A.3d 328 (Pa. 2014).

## TWENTIETH DEFENSE

Plaintiffs' claims may be barred in whole or in part by the doctrine of federal preemption.

## TWENTY-FIRST DEFENSE

Navistar denies all allegations in plaintiffs' Complaint not otherwise specifically addressed.

## TWENTY-SECOND DEFENSE

Navistar hereby reserves the right to assert upon completion of its investigation and discovery such additional defenses, affirmative defenses, counterclaims, crossclaims and/or claims against third-party defendants as may be appropriate.

## CROSSCLAIMS FOR CONTRIBUTION

If Navistar is found to be in any way liable to the plaintiffs, any such liability on the part of Navistar being denied, then defendants Express Light Trucking, Inc., and/or Wei Jiang, are joint and/or severally liable to plaintiffs and/or liable over to Navistar by way of contribution for any

sums of money for which Navistar is found liable to the plaintiffs above its assigned percentage of fault and/or responsibility or otherwise.

## DENIAL OF ALL CROSSCLAIMS

Navistar denies any crossclaims that might be asserted against it in this lawsuit by any of the other defendants for contribution, indemnity or otherwise.

## JURY DEMAND

Defendant, Navistar, Inc., hereby demands a trial by jury as to all issues.

Respectfully submitted,

**GOLDBERG SEGALLA**

BY:  */s Robert J. Hafner*
Robert J. Hafner (PA44105)
1700 Market Street, Suite 1418
Philadelphia, PA  19103
TEL:   (609) 986-1377
FAX:   (609) 986-1301
Email: rhafner@goldbergsegalla.com

*Attorney for defendant, Navistar, Inc.*

Dated:  August 16, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of August, 2018, a copy of the foregoing Answer of Defendant, Navistar Inc., with Defenses and Crosslcaims was filed electronically this day and is available for viewing from the Court's ECF system.  Notice of the filing will be sent to all counsel of record via the Court's ECF system.

*/s Robert J. Hafner*
Robert J. Hafner (PA44105)
1700 Market Street, Suite 1418
Philadelphia, PA  19103
TEL:   (609) 986-1377
FAX:   (609) 986-1301
Email: rhafner@goldbergsegalla.com

*Attorney for defendant, Navistar, Inc.*