# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN PAUL SHIMMEL, an incapacitated Person, by his parent and duly appointed Permanent plenary guardian of the person and Estate, BEATRICE SHIMMEL,<br><br>Plaintiffs,<br><br>v.<br><br>NAVISTAR, INC., a foreign corporation; RUSH TRUCK CENTERS OF VIRGINIA, INC., a foreign corporation; RUSH TRUCK LEASING, INC. a foreign corporation; EXPRESS LIGHT TRUCKING, INC., a foreign corporation; WEI JIANG, a non-resident individual, and **SEALAND FOODS, INC., a foreign corporation**,<br><br>Defendants. | CIVIL ACTION NO. 3:18-cv-00123-KG<br><br>AMENDED COMPLAINT |

## AMENDED COMPLAINT

The Plaintiffs, John Paul Shimmel, an incapacitated person, by his parent and duly appointed Permanent Plenary Guardian of the Person and Estate, Beatrice Shimmel, sues the named defendants and state the following:

## THE PARTIES

1.      The Plaintiffs are John Paul Shimmel and his parent and duly appointed Guardian, Beatrice Shimmel, who have lived at all relevant times at 396 Church Street, Morrisdale, PA, 16858.

2.      The Defendant Navistar, Inc. (referenced herein as Navistar) is a business entity incorporated in the State of Delaware and having its principal place of business at 2701 Navistar Drive, Lisle, Illinois 60532. At all times relevant hereto, Navistar

has been in the business of designing, testing, manufacturing, marketing, selling and supplying commercial motor vehicles including a 2016 International 4000 Series 4300 medium-duty truck [VIN 1HTMMMMN5GH433041][referenced herein as the truck] that was involved in the incident described below. Defendant Navistar routinely and continuously markets, sells and supplies its products to consumers in the Commonwealth of Pennsylvania.

3.      Defendants Rush Truck Leasing, Inc. and Rush **Truck Centers of Virginia, Inc.** [referenced herein as "Rush"] have been at all relevant times corporations or business entities incorporated and/or licensed to conduct their business activities and they conduct their business activities in many different states including Texas, Virginia and Pennsylvania. The principal place of business for these defendants is 555 IH-35 South, Suite 500, New Braunfels, TX 78130. The defendants are full-service retailers/lessors of over-the-road medium and heavy-duty trucks, including "the truck" involved in the incident in question. The Rush defendants purchased "the truck" from defendant Navistar, they owned "the truck" at the time of the incident and they leased it to defendant Express Light Truck, Inc.

4.      Defendant Express Light Truck, Inc. has been at all relevant times in the business of truck hauling and it provides delivery services to many businesses in many venues including the Commonwealth of Pennsylvania. This defendant is incorporated in the Commonwealth of Virginia and has its principal office at 7418 Ranco Road, Richmond, VA 23228. On the day of the incident described below, Defendant Express through its agent and/or employee, defendant Wei Jiang, was

operating "the truck" it had leased from the Rush defendants in the Commonwealth of Pennsylvania.

5.     Defendant Wei Jiang is an individual who at all relevant times resided at 7743 Sharewood Drive, Jessup, MD 20794. Defendant Jiang was, at the time of the incident described below, acting within the course and scope of his agency and/or employment with defendant Express, and he was operating "the truck".

**6.     Defendant Sealand Foods, Inc. has been at all relevant times in the business of wholesale seafood distribution and it provides delivery services to many businesses in many venues including the Commonwealth of Pennsylvania. This defendant is incorporated in the Commonwealth of Virginia and has its principal office at 7418 Ranco Road, Richmond, VA 23228. On the day of the incident described below, Defendant Sealand Foods, Inc. through its agent and/or employee, defendant Wei Jiang, was operating "the truck" it had leased from the Rush defendants in the Commonwealth of Pennsylvania.**

## STATEMENT OF JURISDICTION

7.     The matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest, costs and attorney's fees. Plaintiffs are citizens of the Commonwealth of Pennsylvania and Defendants are citizens of the states of Illinois, Texas, Virginia, Maryland or states other than Pennsylvania.

8.     This court has diversity jurisdiction under 28 U.S.C. § 1332.

9.     Venue is properly placed under 28 U.S.C. § 1391.

## STATEMENT OF THE FACTS

10.   On September 8, 2017, at approximately 1646 hours, the Plaintiff John Paul

Shimmel was lawfully operating his motorcycle traveling easterly on SR 322 (a

two-lane road). At the same time, "the truck" was being operated by defendant

Jiang and travelling westerly on SR 322. The defendant Jiang was unable to avoid

a collision with the rear portion of another motorist's vehicle, which in turn

caused an impact. That impact then caused "the truck" to travel into the easterly

lane of travel. As "the truck" entered the eastbound lane, the Plaintiff took

emergent action to avoid a collision with "the truck". That emergent action caused

the Plaintiff to fall to the roadway and slide into a guardrail along the side of the

road. As the result of these events and the misconduct of the defendants and

defective design of "the truck", the Plaintiff Shimmel suffered catastrophic

injuries.

11.   Before the collision, the defendant Jiang did not receive any type of warning or

notice from "the truck" of the presence of the other vehicle in his lane of travel.

12.   As the result of the misconduct of the defendants and the defective condition of

"the truck", the Plaintiff John Paul Shimmel suffered catastrophic injuries

including, but not limited to skull fractures, brain injury and various bony

fractures.

13.   The Plaintiff John Paul Shimmel has in the past and he will in the future incur the

expense of continuing medical care, treatment, rehabilitation, long-term care and

other associated and related expenses for the remainder of his life. The injuries

and disabilities are permanent and catastrophic. The Plaintiff has suffered the loss

of the ability to pursue his employment, past and future loss of earnings capacity,

pain and suffering, the loss of independence and other associated harm to his

mind and body, along with other intangible losses that will be described, as well

as the loss of life's pleasures to be detailed during the pendency of this case and at

trial.

## **COUNT ONE**
## **STRICT LIABILITY**

14.    The Plaintiffs incorporate by reference the allegations contained in paragraphs 1

to **9** inclusive, as fully as though the same were herein set forth at length.

15.    The defendants Navistar and Rush were at all relevant times responsible for the

design, manufacture, marketing, sale, lease and/or supply of "the truck".

16.    The incident described above and the severe injuries causing permanent disability

of the Plaintiff, as well as all of the losses and damages described herein were

caused by the design, manufacture, marketing, sale, lease and/or supply of a

defective and unreasonably dangerous product, both generally and in the

following respects:

      a.    "the truck" was not designed to include component parts and

features to reduce the risk of frontal collisions by way of design

and installation of an appropriate driver assistance system to

minimize the risk and severity of foreseeable frontal collisions;

      b.    the design of "the truck" did not include reasonable, appropriate

and necessary alternative safety features, components and systems

which these defendants knew or should have known were available

and effective, including but not limited to a collision warning

system and/or an autonomous braking system to provide appropriate tactile, haptic, auditory and/or optical alerts and/or brake application to minimize the risk and/or severity of foreseeable frontal collisions;

c. the design of "the truck" without reasonable, appropriate, necessary, and technologically feasible alternative safety features, components and systems such as autonomous crash avoidance systems to minimize the risk and/or severity of foreseeable frontal collisions;

d. failing to market this product with a standardized forward collision warning system and/or an autonomous braking system (such as the Bendix Wingman Advanced);

e. failing to equip this vehicle as a leased product with a forward collision warning system or an autonomous braking system (such as the Bendix Wingman Advanced);

f. failing to provide necessary information and/or warnings so that purchasers or lessees would have sufficient notice of the safety importance of available forward collision warnings systems and/or autonomous braking systems that were only supplied as optional equipment;

g. such other design and/or manufacturing defects that will be adduced and/or discovered during the pendency of this action.

17.    Because of its defective design, manufacture, production, and informational systems, "the truck" did not comport with the legal definitions set forth as either the consumer expectation test of the risk utility test and, therefore, the defendants are strictly liable to the Plaintiffs.

**WHEREFORE,** the plaintiffs demand judgment against the defendants Navistar and Rush and each of them in an amount in excess of Seventy-Five ($75,000.00) Dollar, plus interest and costs.

<u>**COUNT TWO**</u>
<u>**PRODUCT NEGLIGENCE**</u>

18.    Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 to 1**7** inclusive, as fully as though the same were set forth at length.

19.    Defendants Navistar and Rush had a duty to exercise reasonable care in the design, testing, manufacture, marketing, supplying, sale and lease of "the truck". The defendants failed to exercise such reasonable care and are liable to the Plaintiffs for negligence and carelessness both generally and in the following respects:

     a.    Defendant Navistar failed to design and equip "the truck" was standard safety system to minimize the risk of foreseeable frontal collisions;

     b.    Defendant Navistar failed to design "the truck" to include reasonable, appropriate, necessary, and technologically available alternative safety features, components and systems such as autonomous crash avoidance systems to minimize the risk and/or severity of foreseeable frontal collisions;

c.   Defendant Navistar failed to offer and/or include as standard equipment for "the truck" appropriate and reasonable alternative safer features that the defendant offered and/or included as standard equipment on other products, including forward collision mitigation systems;

d.   Defendant Navistar failed to standardize forward collision mitigation systems or properly market them to make them affordable and attractive to purchasers such as defendant Rush.

e.   Defendant Navistar made careless corporate business decisions to enhance profits by only offering necessary and reasonable collision avoidance systems as optional equipment;

f.   Defendant Rush made careless corporate business decisions to minimize expenses by failing to purchase a necessary and reasonable collision avoidance system that was offered by defendant Navistar as an option on "the truck";

g.   Defendant Rush careless failed to equip "the truck" with reasonable, appropriate, necessary and technologically available safety features and systems such as those described herein so as not to subject others to foreseeable harm and injury;

h.   Defendant Navistar failed to adequately inform defendant Rush of the safety benefit and importance of the collision avoidance systems that were available with "the truck";

      i.      Defendant Rush failed to adequately inform defendant Express of the availability of comparable trucks with collision avoidance systems; and,

      j.      Defendants Navistar and/or Rush failed to take necessary steps to retrofit "the truck" with a reasonable collision avoidance system.

      k.      such other acts or omissions constituting carelessness, negligence, and/or reckless disregard for the safety of the motoring public and its customers, as may appear during the course of discovery procedures or which may be adduced at the trial of this case.

**WHEREFORE,** the Plaintiffs demand judgment against Defendant Navistar and Rush, and each of them, compensatory damages in an amount in excess of $75,000.00, plus interest and costs.

## COUNT THREE
## NEGLIGENCE DEFENDANTS EXPRESS , JIANG and SEALAND FOODS, INC.

20.      Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 to **13** inclusive, as fully as though the same were set forth at length.

21.      The defendant Jiang was operating "the truck" in the course and scope of his employment and/or as an agent of defendant**s** Express **and/or Sealand Foods, Inc.** when the incident described herein occurred.

22.      The defendant Jiang and defendant**s** Express **and Sealand Foods, Inc**. who **are** liable for the misconduct of defendant Jiang, were careless and/or negligent in the operation of "the truck" in the following regards:

      a.      Failing to keep a proper lookout;

      b.      Failing to slow or bring "the truck" to a stop;

      c.      Failing to minimize the risk of a collision; and,

      d.      Other acts of negligence that may be adduced during the pendency of this case.

**WHEREFORE,** the Plaintiffs demand judgment against defendants Express and Jiang, and each of them, for compensatory damages in an amount in excess of $75,000.00, plus interest and costs.

DATED:      August 20, 2019

By:

/s/ Larry Coben_____
Larry E. Coben [Admitted *Pro Hac Vice*]
ANAPOL WEISS
Attorneys for Plaintiffs

And

Gerald J. Hutton
EDGAR SNYDER & ASSOCIATES
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Amended Complaint was served this 20th day of August 2019 via the Court's electronic filing system upon the following counsel of record:


Kathleen S. McAllister, Esquire
DIBELLA, GEER, MCALLISTER & BEST, P.C.
20 Stanwix Street, 11th Floor
Pittsburgh, Pennsylvania 15222
KMcAllister@dgmblaw.com
*Attorney for Defendants Express Light Trucking, Inc. and Wei Jiang*

Robert J. Hafner, Esquire
GOLDBERG SEGALLA
1700 Market Street, Suite 1418
Philadelphia, Pennsylvania 19103-3907
rhafner@goldbersegalla.com
*Attorney for Defendant Navistar International Corp.*

Jim F. Marrion, Esquire
Brennan P. Hart, Esquire
PIETRAGALLO, GORDON, ALFANO, BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, Pennsylvania 15219
JFM@Pietragallo.com
PBH@Pietragallo.com
*Attorneys for Defendants Rush Truck Leasing and Rush Enterprises, Inc.*